**MCMANIMON SCOTLAND & BAUMANN, LLC**
Andrea Dobin, Esq.
427 Riverview Plaza
Trenton, NJ  08611
973-323-8667
adobin@msbnj.com
Counsel to Andrea Dobin, Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| AYALA, Michael Armand, | : | Case No. 19-30829(CMG) |
| | : | |
| Debtor: | : | Chapter 7 |
| | : | |
| | : | |

### OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS

**ANDREA DOBIN, Chapter 7 Trustee** (the "**Trustee**"), by and through her undersigned counsel, objects to the Debtor's claim of exemption in "Structure Settlement" as follows:

1. Michael Armond Ayala (the "**Debtor**") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 2, 2019.  The Trustee was appointed on November 4, 2019.  The Debtor's First Meeting of Creditors was scheduled for and conducted on December 9, 2019.

2. Based upon the testimony of the Debtor at the First Meeting, the Trustee took a closer look at the asset the Debtor disclosed as "Structure Settlement", valued at $75,000.

3. The Debtor's testimony is that this settlement is the result of litigation that occurred when he was a small child.

4. Thereafter, I reviewed documents provided to me by the Debtor.  It appears that the entirety of the settlement to which he was entitled was $329,300.  His counsel received payment separate and apart from this sum.

5. The payments were/are scheduled as follows:

    i. April 12, 2009:    $25,000

    ii. April 12, 2012:    $35,000

    iii. April 12, 2016:    $50,000

    iv. April 12, 2021:    $75,000

    v. April 12, 2026:    $144,300

The Debtor has received payments i-iii. The last two remain due and payable.

6. The Debtor values his interest in the Structure Settlement as *only* the value of the next payment, electing to ignore the payment that comes due on April 12, 2026. If it is the Debtor's intention to exempt the entirety of the remainder of payments due, this valuation is wholly inappropriate.

7. Furthermore, the Debtor exempts the sum of $75,000 of the Structure Settlement applying section 522(d)(11)(E). The application of this section requires proof that this payment is "reasonably necessary for the support of the debtor and any dependent of the debtor."

8. The Debtor is a resident in medical school. There is no evidence indicating that 18 months from now (when he may have graduated), he will have a need for $75,000, except to pay the non-dischargeable debt that he has already incurred.

9. The analysis for this undertaking requires a review of the Debtor's income and expenses. The Debtor currently drives a late-model luxury vehicle to drive to his medical school. Certainly discovery will be necessary to make the determination of whether he is entitled to the exemption that he claims.

10. To the extent that the Debtor has elected to not exempt the payment that comes due in 2021 (as it appears may be the intention), the Trustee wants that to be made clear.

Respectfully,

MCMANIMON SCOTLAND & BAUMANN, LLC,
Counsel to Andrea Dobin, Trustee

Dated: December 18, 2019        By: /s/ Andrea Dobin
                                                     Andrea Dobin